UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR MANUEL-JR PIZARRO,<br><br>           Plaintiff,<br>v.<br><br>KENNETH MEAD, *et al.*,<br><br>           Defendants. | Civ. Action No. 21-194 (EGS) |

### MEMORANDUM OPINION

Plaintiff Victor Manuel-Jr Pizarro ("Mr. Pizarro") brings this lawsuit against Defendants Judge Roland Saul ("Judge Saul"); Don R. Allred, Ronald Kent Birdsong, and Darla Lookingbill (collectively "Oldham County Defendants"); Kenneth Mead, Andrea Edlana Mitre, Scott Neilson, and Harley Sutton (collectively "Las Vegas Metropolitan Police ("LVMPD") Defendants"); Conrad Dominguez ("State Trooper Dominguez"), and John Does 1-10 alleging: (1) negligence; (2) concealment of documents; (3) privacy breach; (4) slander and defamation of character; (5) wrongful trespass; (6) false arrest; (7) false confinement; and (8) tortious interference. *See* Second Am. Compl., ECF No. 9 ¶ 7.[1]

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

1

Pending before the Court and ripe for adjudication are: (1) Judge Saul's Motion to Dismiss, *see* ECF No. 13; (2) the Oldham County Defendants' Motion to Dismiss, *see* ECF No. 17; (3) the LVMPD Defendants' Motion to Dismiss, *see* ECF No. 18; (4) State Trooper Dominguez' Motion to Dismiss, ECF No. 23; (5) Mr. Pizarro's Motion to Strike, *see* ECF No. 29; and (6) Mr. Pizarro's Motion to Recuse Attorneys, *see* ECF No. 30. Upon careful consideration of the motions, responses, any replies thereto, the applicable law, and for the reasons explained below: (1) Judge Saul's Motion to Dismiss is **GRANTED**; (2) the Oldham County Defendants' Motion to Dismiss is **GRANTED**; (3) the LVMPD Defendants' Motion to Dismiss is **GRANTED**; (4) State Trooper Dominguez' Motion to Dismiss is **GRANTED**; (5) Mr. Pizarro's Motion to Strike is **DENIED**; and (6) Mr. Pizarro's Motion to Recuse Attorneys is **DENIED**. The John Doe Defendants are *sua sponte* **DISMISSED** from this action.

I.  **Background**

   A.  **Factual**

The Court assumes the following facts alleged in the complaint to be true for the purposes of deciding this motion and construes them in Mr. Pizarro's favor. *See Baird v. Gotbaum*, 792 F.3d 166, 169 n.2 (D.C. Cir. 2015). Mr. Pizarro's Complaint, as amended, contains a number of allegations regarding events that transpired in Las Vegas, Nevada in late November 2020,

culminating in his confinement by law enforcement. Mr. Pizarro alleges that the "[d]efendants live or work in Nevada and Texas." Second Am. Compl., ECF No. 9 ¶ 8.

## II. Standard of Review

Under Rule 12(b)(2), a defendant may move to dismiss an action when the court lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). On such a motion, the plaintiff bears the burden of establishing a factual basis for the exercise of personal jurisdiction over each defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). To meet this burden, the plaintiff must allege specific facts that connect each defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). The plaintiff cannot rely merely on conclusory allegations. *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003). The court may consider, receive, and weigh affidavits and other relevant materials outside of the pleadings to assist it in determining the pertinent jurisdictional facts. *U.S. v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000).

A "court's exercise of personal jurisdiction over nonresidents must satisfy both the Due Process Clause and D.C.'s long-arm statute." *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 173 (D.D.C. 2018)

(citation omitted). To satisfy due process requirements, "a plaintiff must demonstrate that there are 'minimum contacts between the defendant and the forum establishing that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Swecker v. Midland Power Coop.*, 253 F. Supp. 3d 274, 278 (D.D.C. 2017) (citation omitted). D.C.'s long-arm statute authorizes the exercise of specific jurisdiction under certain enumerated circumstances, including when an entity transacts any business in the District; contracts to supply services in the District; causes tortious injury in the District; or has an interest in, uses, or possesses real property in the District. D.C. Code § 13-423(a)(1)-(5).

The court may exercise either general or specific personal jurisdiction. *The Urban Institute v. Fincon Services*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010). "A court with general jurisdiction may hear *any* claim against that defendant." *Brystol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). For an individual, the "paradigm forum" for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S. Ct. 2846 (2011).

In contrast, "[s]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Molock v. Whole Foods Mkt., Inc.*, 297 F. Supp. 3d 114, 122 (D.D.C. 2018) (quoting *Goodyear*, 562 U.S. at 919). "[S]pecific jurisdiction exists if a claim is related to or arises out of the non-resident defendant's contacts with the forum." *Molock*, 297 F. Supp. 3d at 122. A plaintiff must demonstrate "that specific jurisdiction comports with the forums long-arm statute, D.C. Code § 13-423(a), and does not violate due process." *Id.* (citing *FC Inv. Group LC v. IFX Markets Ltd.*, 529 F.3d 1087, 1094-65 (D.C. Cir. 2008)).

### III. Analysis

#### A. The Court Lacks Personal Jurisdiction Over Judge Saul

Judge Saul argues that Mr. Pizarro does not allege that any claims arise from Judge Saul's contacts with the District of Columbia. Judge Saul Mot. to Dismiss, ECF No. 14 at 5. He notes that attached as an Exhibit to Mr. Pizarro's Second Amended Complaint is a copy of an envelope with a return address for Judge Saul at a Hereford, Texas address to a person at a Dallas, Texas address. *Id.* (citing Second Am. Compl., ECF No. 9 at 43). In response, Mr. Pizarro argues that "[d]efendants have voluntarily responded to the complaint therefor submitting to court having personal jurisdiction over

5

defendants." Opp'n, ECF No. 24 at 2. Mr. Pizarro is mistaken.

Mr. Pizarro does not allege that Judge Saul is domiciled in the District of Columbia. Rather, he has alleged that the "[d]efendants live or work in Nevada and Texas." Second Am. Compl., ECF No. 9 ¶ 8. Furthermore, Mr. Pizarro's Second Amended Complaint is devoid of any factual allegations that his claims against Judge Saul arise from Judge Saul's contacts with the District of Columbia. *See generally id*. Accordingly, Mr. Pizarro has not alleged that he suffered an injury within the District of Columbia and that would comport with long-arm jurisdiction. *See* D.C. Code Ann. § 13-423(a). The Court concludes that it has neither general nor specific personal jurisdiction over Judge Saul for the purposes of this action and **GRANTS** Judge Saul's Motion to Dismiss.[2]

### B. The Court Lacks Personal Jurisdiction Over the Oldham County Defendants

The Oldham County defendants argue that "[t]he Second Amended Complaint fails to establish that the [they] transact business in the District of Columbia, contract to supply services in the District of Columbia, caused an injury in the District of Columbia, regularly engage in conduct in the

---

[2] Because the Court lacks personal jurisdiction over Judge Saul, the Court need not reach Judge Saul's additional arguments in support of dismissal. *See* Judge Saul Mot. to Dismiss, ECF No. 13 at 6-10.

6

District of Columbia, or have any interest in real property within the District of Columbia." Oldham County Defendant's Mot. to Dismiss, ECF No. 17-1 at 10. The Oldham County defendants point out that "there is no mention whatsoever of the District of Columbia within the Second Amended Complaint." *Id*.

Mr. Pizarro did not file an opposition to three of the motions to dismiss, including the Oldham County Defendants' Motion to Dismiss, within the timeframe provided by the Local Civil Rules of the Court. *See generally* Docket for Civil Action No. 21-194. Accordingly, the Court directed him to respond, and informed him that if he did not respond by a certain date, the Court may treat the motion as conceded. *See* Minute Order (Feb. 2, 2022). On February 22, 2022, Mr. Pizarro responded to one of the motions to dismiss, but not to that of the Oldham County Defendants. *See generally* Docket for Civil Action No. 21-194. Analogous to the liberal construction to which a *pro se* complaint is entitled, *see Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009); the Court will consider Mr. Pizarro's opposition in response to the LVMPD Defendants as also responding to the Oldham County Defendants' Motion to Dismiss rather than considering the Oldham County Defendants' Motion to Dismiss to have been conceded by Mr. Pizarro. In that opposition briefing, Mr. Pizarro responded to the same personal jurisdiction argument as follows: "[d]efendants have voluntarily

7

responded to the complaint therefor submitting to court having personal jurisdiction over defendants." Opp'n, ECF No. 24 at 2. Mr. Pizarro is mistaken.

Mr. Pizarro does not allege that the Oldham County Defendants are domiciled in Washington, DC. Rather, he has alleged that the "[d]efendants live or work in Nevada and Texas." Second Am. Compl., ECF No. 9 ¶ 8. Furthermore, Mr. Pizarro's Second Amended Complaint is devoid of any factual allegations that his claims against the Oldham County Defendants arise from their contacts with Washington, D.C. *See generally id.* As the Oldham County Defendants aptly point out, the Second Amended Complaint fails to explain how this case has any relationship to D.C. at all. Accordingly, Mr. Pizarro has not alleged that he suffered an injury within the District of Columbia and that would comport with long-arm jurisdiction. *See* D.C. Code Ann. § 13-423(a). The Court concludes that it has neither general nor specific personal jurisdiction over the Oldham County Defendants for the purposes of this action and **GRANTS** the Oldham Defendants' Motion to Dismiss.[3]

---

[3] Because the Court lacks personal jurisdiction over the Oldham County Defendants, the Court need not reach their additional arguments in support of dismissal. *See* Oldham County Defendants' Motion to Dismiss, ECF No. 17-1 at 11-22.

8

### C. The Court Lacks Personal Jurisdiction Over the LVMPD Defendants

The LVMPD defendants argue that neither general nor specific person jurisdiction exists over them in the District of Columbia forum because no LVMPD defendant is domiciled in the District of Columbia and because the Second Amended Complaint "fails to allege any fact showing that LVMPD Defendants purposefully directed an at-issue action toward or within the District of Columbia. In fact, the [operative] Complaint fails to mention how the District of Columbia has any relationship to this case." LVMPD Defendants' Mot. to Dismiss, ECF No. 18 at 5. In response, Mr. Pizarro argues that the "[d]efendants have voluntarily responded to the complaint therefor submitting to court having personal jurisdiction over defendants." Opp'n, ECF No. 29 at 2.[4] Again, Mr. Pizarro is mistaken.

---

[4] Mr. Pizarro has styled his response as "[M]otion to Strike: [O]pposition to Kenneth Mead's, Scott Neilson's, Harley James Sutton's, and Andra Edlana Mitre's motion to dismiss." ECF No. 29. "[C]ourts . . . consistently den[y] as procedurally improper motions to strike directed at other motions." *Law Offices of Arman Dabiri & Assoc. v. Agricultural Bank of Sudan*, Civil Action No. 17-2497, 2018 WL 8262152, at * 1 (D.D.C. Aug. 5, 2018). Accordingly, the Court treats ECF No. 29 as Mr. Pizarro's Opposition to the LVMPD Defendant's Motion to Dismiss, and **DENIES** ECF No. 29 insofar as it purports to be a Motion to Strike.

Mr. Pizarro does not allege that the LVMPD defendants are domiciled in the District of Columbia. Rather, he has alleged that the "[d]efendants live or work in Nevada and Texas." Second Am. Compl., ECF No. 9 ¶ 8. Furthermore, Mr. Pizarro's Second Amended Complaint is devoid of any factual allegations that his claims against the LVMPD defendants arise from their contacts with the District of Columbia. *See generally id.* As the LVMPD Defendants aptly point out, the Second Amended Complaint fails to explain how this case has any relationship to the District of Columbia at all. Accordingly, Mr. Pizarro has not alleged that he suffered an injury within the District of Columbia and that would comport with long-arm jurisdiction. *See* D.C. Code Ann. § 13-423(a). The Court concludes that it has neither general nor specific personal jurisdiction over the LVMPD Defendants for the purposes of this action and **GRANTS** the LVMPD Defendants' Motion to Dismiss.[5]

### D. The Court Lacks Personal Jurisdiction Over State Trooper Dominguez

State Trooper Dominguez argues that neither general nor specific person jurisdiction exists over him because Mr. Pizarro has made no attempt to demonstrate that State Trooper Dominguez

---

[5] Because the Court lacks personal jurisdiction over the LVMPD Defendants, the Court need not reach their additional arguments in support of dismissal. *See* LVMPD Defendants' Mot. to Dismiss, ECF No. 18 at 6-13.

has a forum connection with the District of Columbia, nor has Mr. Pizarro demonstrated an "affiliation between the forum and the underlying controversy." State Trooper Dominguez' Mot. to Dismiss, ECF No. 23 at 3.

Mr. Pizarro did not file an opposition to three of the motions to dismiss, including State Trooper Dominguez' Motion to Dismiss, within the timeframe provided by the Local Civil Rules of the Court. *See generally* Docket for Civil Action No. 21-194. Accordingly, the Court directed him to respond, and informed him that if he did not respond by that date, the Court may treat the motion as conceded. *See* Minute Order (Feb. 2, 2022). On February 22, 2022, Mr. Pizarro responded to one of the motions to dismiss, but not to that of State Trooper Dominguez. *See generally* Docket for Civil Action No. 21-194. Analogous to the liberal construction to which a pro se complaint is entitled, *see Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009); the Court will consider Mr. Pizarro's opposition in response to the LVMPD Defendants as also responding to State Trooper Dominguez' Motion to Dismiss rather than considering State Trooper Dominguez' Motion to Dismiss to have been conceded by Mr. Pizarro. In that opposition briefing, Mr. Pizarro responded to the same personal jurisdiction argument as follows: "[d]efendants have voluntarily responded to the complaint

therefor submitting to court having personal jurisdiction over defendants." Opp'n, ECF No. 24 at 2. Mr. Pizarro is mistaken.

Mr. Pizarro does not allege that State Trooper Dominguez is domiciled in the District of Columbia. Rather, he has alleged that the "[d]efendants live or work in Nevada and Texas." Second Am. Compl., ECF No. 9 ¶ 8. Furthermore, Mr. Pizarro's Second Amended Complaint is devoid of any factual allegations that his claims against State Trooper Dominguez arises from the latter's contacts with the District of Columbia. *See generally id.* Accordingly, he has not alleged that he suffered an injury within the District of Columbia and that would comport with long-arm jurisdiction. *See* D.C. Code Ann. § 13-423(a). The Court concludes that it has neither general nor specific personal jurisdiction over State Trooper Dominguez for the purposes of this action and **GRANTS** State Trooper Dominguez' Motion to Dismiss.[6]

### E. The Court *Sua Sponte* Dismisses the Claims Against John Does 1-10

The Court also lacks personal jurisdiction over the ten John Doe defendants, none of whom have been identified, served, or have appeared in this litigation. Even though they have not

---

[6] Because the Court lacks personal jurisdiction over State Trooper Dominguez, the Court need not reach his additional argument in support of dismissal. *See* State Trooper Dominguez' Motion to Dismiss, ECF No. 23 at 3-4.

filed a motion to dismiss, the foregoing analysis applies to the John Doe defendants. First, Mr. Pizarro has alleged that the "[d]efendants live or work in Nevada and Texas." Second Am. Compl., ECF No. 9 ¶ 8. Second, the Second Amended Complaint does not explain what relation this case has to the District of Columbia, nor is the District of Columbia even mentioned in the Second Amended Complaint. *See generally id*. Accordingly, there is no basis upon which to suppose that the Court has personal jurisdiction over the John Doe Defendants. Accordingly, the Court *sua sponte* **DISMISSES** them from this action. *Cf. Gutierrez v. U. S. Dep't of Homeland Security*, Civil Action No. 18-1958, 2019 WL 6219936, at * 7 (D.D.C. Nov. 21, 2019) (concluding *sua sponte* that the claims are moot as to the John Doe Defendants, none of whom had been served or entered an appearance, for the same reason as the claims were moot as to other defendants).

### F. The Court DENIES Mr. Pizarro's Motion to Recuse Attorneys

Mr. Pizarro moves to recuse Lyssa Anderson and Kristopher Kalkowski, attorneys for the LVMPD Defendants, because he contends that they were not physically present when the incidents that gave rise to his alleged injury occurred and because they are preventing him from speaking directly with the defendant who injured him. *See* Mot. to Recuse, ECF No. 33 at 1-2. Counsel respond that Mr. Pizarro's motion has no basis in

procedural rules or case law. *See* Opp'n, ECF No. 33 at 3. Local Civil Rule 7(a) requires each motion to "include or be accompanied by a statement of the specific points of law and authority that support the motion." LCvR 7(a). Mr. Pizarro has provided no legal basis pursuant to which recusal could be considered for the attorneys. *See generally* Mot. to Recuse, ECF No. 33. Accordingly, the Court **DENIES** the Motion to Recuse, ECF No. 33.

## IV. Conclusion

For the reasons explained above, (1) Judge Saul's Motion to Dismiss, ECF No. 13, is **GRANTED**; (2) the Oldham County Defendants' Motion to Dismiss, ECF No. 17, is **GRANTED**; (3) the LVMPD Defendants' Motion to Dismiss, ECF No. 18, is **GRANTED**; (4) State Trooper Dominguez' Motion to Dismiss, ECF No. 23, is **GRANTED**; (5) Mr. Pizarro's Motion to Strike, ECF No. 29, is **DENIED**; and (6) Mr. Pizarro's Motion to Recuse Attorneys, ECF No. 30, is **DENIED**. The John Doe Defendants are *sua sponte* **DISMISSED** from this action. The Second Amended Complaint is **DISMISSED** and the Clerk of Court is directed to close this case. An appropriate Order accompanies this Memorandum Opinion.

    **SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
              **United States District Judge**
               **August 25, 2022**